UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| IN RE: | CASE NO. 11-11751 |
|---|---|
| James T. Dufrene Jr. | SECTION "A" |
| Barbara Dufrene | |
| Debtor | CHAPTER 13 |

## MOTION TO EXTEND AUTOMATIC STAY

NOW COME James T. Dufrene Jr. and Barbara Dufrene, debtors, who, for the reasons set forth below, hereby file this motion to extend the automatic stay.

1. This is the third Chapter 13 case that debtors have filed. The first case, number 05-14145, was filed on May 18, 2005 and was dismissed for failure to make plan payments over four years later, on July 20, 2009. The reason that debtors could not maintain plan payments was that Mr. Dufrene, although still working, experienced a severe loss of income.

2. The second case, number 09-13539, was filed on October 22, 2009 and was dismissed for failure to make plan payments on September 24, 2010. This second case, then, was pending for less than one year. The reasons for the failure of the second case failed include the following.

3. Mrs. Dufrene's mother suffered serious medical problems, resulting in surgery on her back and removal of the instep of one foot in connection with infection of the foot. Because she could not work she lost income, and ultimately lost her job. Beginning in the spring of 2010 and continuing through the summer, debtors assisted her financially for several months. Although this involved extreme financial effort, debtors were able to maintain their plan payments, but only barely.

4. Debtors' former attorney sent a letter to debtors, advising that two proofs of claim had been filed by Capital One in connection with debt not scheduled, and that debtors should call his office. When Mrs. Dufrene called in response to the letter, she advised the staff person with whom she spoke that debtors did not owe the two debts that were the subject of the proofs of claim. The person then advised that it would be necessary to file objections to the proofs of claim, which would cost a total of $600.00, payable in advance before the objections could be filed. The staff person further advised that debtors' plan was unfeasible with these proofs of claim.

5. Debtors did not have the $600.00 that the attorney's office requested. Believing that their plan was certain to fail, debtors began to divert funds to their second mortgage company, Litton Loan Servicing ("Litton"), to whom they owed a large arrearage. Their intention was to attempt a loan modification. Initially, Litton responded by accepting payments, but soon refused them. Litton further advised that debtors could not modify a second mortgage. To debtors' knowledge, there is no judicial sale pending.

6. Debtors' income is now stable, with no added family expenses. Mrs. Dufrene is earning significantly more now than at the time of their second case; unlike their last case, their income is now over the median. Debtors are confident that they can successfully make plan payments. They have requested a wage order from Mr. Dufrene's employer. Should Capital One file proofs of claim in this case, undersigned counsel has advised that he will object to the claims for no additional fee.

Debtors therefore seek an extension of the automatic stay as to all creditors pursuant to 11 U.S.C. §362(c)(3)(B).

Respectfully submitted:

/s/ A. Bowdre Banks, Jr. (2725)
650 Poydras Street, Suite 2608
New Orleans, LA 70130
(504) 524-7603

## VERIFICATION

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned authority, personally came and appeared James T. Dufrene Jr. and Barbara Dufrene, who, being by me first duly sworn, did depose and say that the allegations contained in the foregoing motion are true and correct, to the best of their knowledge and belief.

/s/ James T. Dufrene Jr.
James T. Dufrene Jr.

/s/ Barbara Dufrene
Barbara Dufrene

SWORN TO AND SUBSCRIBED BEFORE ME, this May 31, 2011.

/s/ A. Bowdre Banks Jr.
Notary Public (2075)